UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6199-CR-FERGUSON

UNITED STATES OF AMERICA )
)
)
v. )
)
)
RONALD COXE, )
STEPHEN CLARK, and )
ROBERT ESKIN, )
)
Defendants. )
_____ )

**GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER**

The United States files this response to the Standing Discovery Order issued in this case. This response is numbered to correspond to that Order.

- A. 1. The government is aware of recorded statements made by the defendants during the course of the investigation. Produced by the government with this discovery response are copies of the following 10 audiotape recordings that are identified by the exhibit number attached to the same by the DEA: N–242; N–240; N–239; N–238; N-208; N–207; N–206; N-205; N–203; and N–201.

  2. The government is aware of oral statements made by the defendants before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial. Attached please find reports of oral statements made by each defendant subsequent to his arrest.

  3. The defendants did not testified before the Grand Jury.

  4. The NCIC record of the defendants will be produced upon receipt.

  5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as



evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected on a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700 in Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial. Such attachments include: 2 photographs of southern Self Storage, 6 photographs of Cadillac and truck from which marijuana was recovered; 4 photographs of storage unit L-29; 5 photographs of boat; 6 photographs of boat's hidden compartment containing marijuana; Coxe's waiver of rights form and consent to search form (N-21-, 211); 14 pages of documents received from the Colorado Motor Vehicle Division regarding drivers' licenses and vehicles registered to the defendants; access logs dated 7/17/00 at 9:17 a.m. and 7/18/00 at 10:16 a.m. (N-222); 4 pages of documents pertaining to rental of unit L-29 at Southern Self-Storage (N-221); criminal histories of defendants Clark, Eskin, and Coxe; 1 page of Eskin's Colorado registration\ownership tax receipt dated 3/31/00; 2 property inventory sheets for items N-209 through N-217 including list of items incapable of reproduction (key and lock for unit L-29; boat trailer lock; 3 screwdrivers, drill and rivet gun seized from trunk of Cadillac); 2 pages of Southwest Airlines records; and Coxe's consent to search his residence (N-223).

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is unaware of information or material which may be favorable on the issues of guilt or punishment within the scope of Brady.

D. The undersigned prosecutor is presently aware of payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of Giglio or Napue. Such information will be produced upon receipt from the

      investigating officers.

E.     The government is aware of prior convictions of the informant who may testify for the government at trial. See attached criminal history of the informant.

F.     The defendants were not identified in a show up, photographic or live line-up.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government will advise the defendant prior to trial of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.     The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.     Controlled substances are involved in the instant prosecution. The report analyzing the same will be produced upon completion.

L.     The government does know of a boat allegedly used in the commission of this offense that is in the possession of the law enforcement.

M.     The government is presently unaware of latent fingerprints or palm prints which have been identified by a government expert as those of the defendants.

    The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

    Date: July 18, 2000
    Place: Southern Self Storage, 8452 West Okeechobee Boulevard, West Palm Beach, Florida

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500077
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255
Fax: (954) 356-7336

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was hand-delivered this 15th day of August 2000 to Daryl Wilcox, Esq., Assistant Federal Public Defender, 101 NE 3rd Avenue, Suite 202, Fort Lauderdale, FL 33301; Thomas Garland, Esq., 1541 SE Port St. Lucie Boulevard, Port St. Lucie, FL 34952; and Neal Lewis, Esq., Two Datran Center, Suite 1609, 9130 South Dadeland Boulevard, Miami, Florida 33156-7849.

_____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY